UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DEMARCUS HARDY, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 1:06-CR-139-CLC-HBG |
| | ) | | 1:12-CV-376-CLC |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM & ORDER

A jury convicted the Petitioner, Demarcus Hardy ("Hardy" or "Petitioner"), of (1) possessing with the intent to distribute at least fifty grams of cocaine base ("crack"), (2) possessing a firearm in furtherance of a drug-trafficking offense, and (3) being a felon in possession of a firearm. The Court imposed a sentence of 420 months of imprisonment. *United States v. Hardy*, 643 F.3d 143, 146–47 (6th Cir. 2011). The Court of Appeals for the Sixth Circuit affirmed Hardy's conviction and sentence. *Id.* at 146. The Supreme Court denied Hardy's request for a writ of certiorari. *Hardy v. United States*, 132 S. Ct. 762, 762 (2011).

Hardy filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 95].[1] The government responded in opposition [Doc. 99]. Hardy then filed a reply in support of his motion [Doc. 100]. For the reasons set forth below, Hardy's Motion is without merit and must be **DENIED**.

Approximately eighteen months after filing his § 2255 Motion, Hardy filed a document titled "Motion to Amend or Supplement 28 U.S.C. § 2255" [Doc. 102]. The government

---

[1] All citations to the record are found on the docket of Case No. 1:06-CR-139-CLC-HBG.

responded in opposition [Doc. 105].  For the reasons set forth below, this Motion is untimely and therefore, without merit, and must be **DENIED**.

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents two general claims in his § 2255 motion: (1) that this Court lacked jurisdiction over his case; and (2) that his trial counsel was constitutionally ineffective, for seven reasons.  The Court will address these claims in turn.

### A. This Court has jurisdiction over Petitioner's case

Petitioner first alleges that this Court lacked "subject matter" and "territorial" jurisdiction in this case because his "alleged crimes occurred on land that was under the 'exclusive jurisdiction' of the state of Tennessee" [Doc. 95].  This claim is totally without merit. Congress has directed that "district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  Hardy was charged with (and convicted of) violating three laws of the United States, namely 18 U.S.C. § 922(g) (Count One), 21 U.S.C. § 841(a) (Count Two), and 18 U.S.C. § 924(c) (Count Three). It is totally irrelevant that Hardy committed those federal offenses within the State of Tennessee. Clearly, the Court properly exercised jurisdiction in this case.

2

## B. Ineffective assistance of counsel

Petitioner alleges seven purported deficiencies in counsel's performance [Doc. 95]. In addition, Petitioner claims he is entitled to relief based on the cumulative effect of all the alleged deficiencies by counsel. The government responds that these claims are undeveloped, conclusory statements that are unsupported by the law or the facts. Further, the government argues that a petitioner must set forth adequate facts which entitle him to relief. *See*, *e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that if "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review").

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court finds that Petitioner has the burden to establish that he is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief"). Petitioner's claims are as follows:

- Counsel did not review the Court's records, because if she had, she would have learned that no "Certificate of Concurrence Sheet" was filed by the grand jury with the clerk;

- Counsel did not request a Franks hearing;

- Counsel did not file a motion to suppress the incriminating statements which Hardy made to the police;

- Counsel did not seek a competency evaluation;

- Counsel advised him to reject a plea offer;

- Counsel failed to challenge the jury selection process; and

- Counsel failed to present fingerprint evidence at trial.

4

Each of Petitioner's ineffective assistance of counsel claims is discussed below.

Petitioner claims his counsel should have "investigated the court's 'Docket-entry' and/or 'Judicial record's' [sic]" because, if she had done so, she allegedly "would have learned that 'No Certificate of concurrence sheet', were [sic] filed with the clerk of the court, by the [grand jury] foreperson as [allegedly] required by" Rule 6(c) of the Federal Rules of Criminal Procedure [Doc. 95]. The Court finds, however, that Rule 6(c) clearly states that the grand jury foreperson's record of the number of grand jurors concurring in an indictment "may not be made public unless the court so orders." Fed. R. Crim. P. 6(c). The Court did not so order in this case. Accordingly, even if counsel had "investigated" the docket sheet, she would not have found a "Certificate of concurrence sheet" or similar document. Moreover, there is simply nothing in the record of this case to suggest that fewer than twelve qualified grand jurors concurred in the indictment as required by Rule 6(f). This claim is without merit.

Hardy next claims that "counsel should have requested . . . a [*Franks*] hearing" in which Petitioner could have challenged "the authenticity of the Affidavit for search warrant" [Doc. 95]. Petitioner alleges that, during the suppression hearing, Officer Chris Palmer, the affiant for the warrant, stated that he did not have personal knowledge of some of the information in the affidavit, because that information had been relayed to him by another officer. Petitioner argues that Officer Palmer must have knowingly and intentionally presented false information to the issuing magistrate judge. The Court disagrees.

To seek a hearing under *Franks*, a defendant must "make[] a substantial preliminary showing" that (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) the false statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56.

5

"There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at 171.

The Court finds that Officer Palmer did indicate that another officer had served as the primary contact with the confidential informant referenced in the warrant affidavit [Doc. 78, Supp. Hr'g Tr. at 19]. However, Officer Palmer clarified that he had also personally spoken to the confidential informant prior to signing the warrant affidavit. *Id.* at 22-23. That testimony did not contradict Officer Palmer's assertion in the warrant affidavit that he had learned about various aspects of defendant's drug-trafficking activity from the confidential informant [Doc. 27-1, Warrant Affidavit at 2]. The Court finds that petitioner's counsel had no basis to seek a *Franks* hearing. This claim is without merit.

Next, Petitioner contends that counsel should have filed a motion to suppress "any an [sic] all alleged statement's [sic] made by the petitioner" during the search of his home, on the ground that he was not Mirandized before making the statements [Doc. 95-1]. The Court finds, however, that Hardy was not in custody, and was not being interrogated, when he voluntarily made those statements to the police. Therefore, no *Miranda* warnings were required. *See*, *e.g.*, *United States v. Woods*, No. 11-2429, 711 F. 3d 737, 740 (6th Cir. April 3, 2013). This claim is without merit.

Petitioner complains that counsel "failed to raise, investigate and/or request . . . a competency hearing, to determine, whether petitioner w[as] competent to stand trial and whether, the petitioner had the mental capacity to be guilty of the specific intent required to commit the crime charged" [Doc. 95-1]. A competency assessment is only warranted when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

6

nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see also Drope v. Missouri*, 420 U.S. 162, 172 (1975) ("[A]s to federal cases, we have approved a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

The Court finds that there is nothing in the record which indicates Petitioner was unable to understand the nature of the proceedings against him. Petitioner understood the charges against him well enough to take the stand and assert his innocence. *Hardy*, 643 F.3d at 147-148. Petitioner's *pro se* § 2255 pleadings show that he was able to fully comprehend the nature and consequences of the proceedings. *See*, *e.g.*, *United States v. Wilson*, 402 F. App'x 69, 75 (6th Cir. 2010) (affirming conclusion that a defendant's *pro se* filings were evidence of his competency). There was no reason for Petitioner's attorney to request a competency evaluation, and no reason to believe that Petitioner was prejudiced by the absence of such a request. This claim is without merit.

Petitioner next contends that counsel improperly advised him to reject an alleged plea offer. Specifically, Petitioner alleges that in March 2007, the government offered the option of two possible plea deals: either a guaranteed ten-year sentence along with a cooperation agreement, or a fifteen-year sentence with no cooperation agreement. Petitioner claims that he wanted to accept the second option, but that counsel advised him that it "wouldn't be a wise choice," insisting he go to trial instead. Petitioner alleges that counsel failed to inform him of the possible benefit of pleading guilty, and that had counsel not advised him against accepting it, he would have taken the fifteen-year deal.

7

A defendant's Sixth Amendment right to counsel "extends to the plea-bargaining process" and "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "Defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (emphasis added). Counsel must also advise a defendant with respect to a formal offer within the bounds of reasonable professional assistance. *Lafler*, 132 S.Ct. at 1384. Should counsel fail in that duty and the defendant reject the plea offer and be convicted at trial, he can only establish prejudice if "there is a reasonable probability that the defendant would have accepted the plea, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that, in fact, were imposed." *Id.* at 1385.

The Court finds that a formal plea offer was never extended to Hardy's trial counsel by the government in this case. Mary Ellen Coleman, counsel for Hardy, states in her affidavit that "no formal plea offer was extended to Mr. Hardy by the government; however, Mr. Hardy and I met with Assistant United States Attorney Steve Neff on one occasion and Mr. Neff informed Mr. Hardy that if he pleaded guilty to the indictment, the government would allow him to cooperate in order to receive a possible downward departure." Attorney Coleman added that she did recommend to Hardy that he plead guilty and cooperate, but that Hardy refused, declaring that he'd "rather do life than plead" [Doc. 99-1]. As such, counsel's duty to advise petitioner regarding a formal plea offer was never triggered. *See Lafler*, 132 S.Ct. at 1387 ("If no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge, the issue raised here simply does not arise."). The Court finds that this claim is without merit.

8

Next, Petitioner, who is African-American, alleges that counsel failed to "ensure that the petitioner had an impartial jury which represent[ed] a cross section of [his] peers" because counsel failed to object when two African-American jurors were allegedly excluded from his jury pool, "leaving me in what appears to be an all-white jury, that were not of my peer's" [Doc. 95-1]. Petitioner claims that counsel's action resulted in a violation of his "Sixth Amendment right to an impartial jury." Petitioner, however, has not pointed to any facts which would have caused his counsel to consider raising a *Batson* challenge. Petitioner alleges that two African-Americans were excluded from his petit jury, but he does not say whether those individuals were excluded for cause, by defense peremptory challenge, or by government peremptory challenge. Moreover, he offers no reason to believe that those individuals were excluded by the prosecution and solely because of their race. This claim is without merit.

Next, Petitioner faults counsel for failing to present evidence at trial which allegedly would have shown that other individuals' fingerprints were found on the firearm Petitioner was convicted of unlawfully possessing. Petitioner, however, has pointed the Court to absolutely nothing which would even suggest that such fingerprint evidence has ever existed. Nor has he established that counsel was aware of such alleged evidence. This is a conclusory allegation with no factual basis to support it. This claim is without merit.

Finally, Petitioner alleges that counsel was ineffective based on the cumulative impact of the previously-mentioned alleged deficiencies in counsel's representation. The Court, however, has found that no error or deficiencies by counsel have been shown. Therefore, none can be "accumulated." *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (assuming, without deciding, that cumulative error could provide the basis for a § 2254 claim, but that no relief is warranted where "there are simply no error to cumulate"). This claim is without merit.

### C. The motion to supplement

On May 2, 2014, Petitioner filed a motion to supplement his § 2255 motion with a claim that his sentence is invalid in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) [Doc. 102].

A one-year period of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). That period typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *accord Dodd v. United States*, 545 U.S. 353, 357 (2005). In this case, Petitioner's conviction became final on November 28, 2011, the day the Supreme Court denied Petitioner's request for writ of certiorari. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, the § 2255 limitation period in this case ended on November 28, 2012, over seventeen months prior to May 2, 2014, the date on which Petitioner filed his motion to supplement [Doc. 102]. As such, the purported *Alleyne* claim Petitioner raises in that motion is untimely under § 2255(f)(1).

Moreover, the purported *Alleyne* claim does not relate back to the timely filed claims in Petitioner's § 2255 motion. To relate back to his timely filed claims, Petitioner's supplemental claim would need to be based on the "same core facts" relied upon in the timely filed § 2255 motion. *Mayle v. Felix*, 545 U.S. 644, 657 (2005). However, Petitioner's purported *Alleyne* claim is completely unrelated to the jurisdictional challenge and ineffective-assistance-of-counsel claims he raised in his § 2255 motion. It is insufficient for relation back if the claim merely arises from the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 657; *see also Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006) (holding that several claims in a motion to amend were time-barred and unreviewable because they did not "share a factual basis with any of the [timely filed] claims").

10

Case 1:06-cr-00139-CLC-HBG  Document 106  Filed 02/10/16  Page 10 of 11  PageID #: 816

Petitioner's purported *Alleyne* claim also cannot be deemed timely under 28 U.S.C. § 2255(f)(3), which resets the one-year limitation period for claims asserting a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Alleyne* established a new constitutional rule of criminal procedure whereby "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Because that rule is procedural rather than substantive, under *Teague v. Lane*, 489 U.S. 288 (1989), it is not retroactively applicable to cases such as Petitioner's, that became final before *Alleyne* was announced. *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014). As such, *Alleyne* cannot be used to restart the limitations period under § 2255(f)(3), and Petitioner's motion to supplement remains untimely under § 2255(f)(1).

D.    **Conclusion**

The Court finds that the claims presented in Petitioner's § 2255 Motion [Doc. 95] lack merit. Because the claim presented in the Motion to Amend or Supplement [Doc. 102] is time barred, it also lacks merit. Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the Motion [Doc. 95] and the Motion to Supplement [Doc. 102].

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**